# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

CLAUDE EDWARD FINLEY                                                                         PLAINTIFF

v.                                      1:15CV00131-JM-JJV

J. BAUMGARDNER, Sergeant,
North Central Unit; *et al.*                                                                    DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     INTRODUCTION**

Claude Edward Finley ("Plaintiff") is a former inmate of the North Central Unit of the Arkansas Department of Correction ("ADC"). He filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging his Eighth and Fourteenth Amendment rights were violated when he was exposed to toxic smoke in his cell, which put his life at risk. (Doc. No. 14 at 10, 14.) Plaintiff seeks compensatory and punitive damages.[1] (*Id*. at 15.)

Defendant Jeffrey Baumgardner is the only remaining defendant[2] and has filed a Motion for Summary Judgment on Liability, contending he is entitled to sovereign immunity on Plaintiff's official capacity claims and to qualified immunity on Plaintiff's personal capacity claims. (Doc. No. 73.) Plaintiff has not responded to the Motion, and the matter is now ripe for a decision. After careful consideration of the Motion and Plaintiff's Amended Complaint, for the following reasons, I find summary judgment is appropriate and this action should be DISMISSED.

---

[1] Plaintiff's claims for declaratory relief were previously dismissed without prejudice. (Doc. No. 21.)

[2] Defendant Wendy Kelley was dismissed without prejudice on February 9, 2016; Defendants Eddie Selvey and M. Smith were dismissed without prejudice on August 5, 2016. (Doc. Nos. 21, 55.)

II.     FACTS

According to Plaintiff's Amended Complaint, he was awakened by his cell mate on September 13, 2015, to find two light fixtures in their isolation cell "in flames leaking toxic smoke." (Doc. No. 14 at 5.) Plaintiff, his cell mate, and other nearby inmates began yelling "fire in thirteen cell," with no immediate response, while smoke filled the cell. (*Id*.) Defendant Baumgardner, Isolation Supervisor, arrived approximately fifteen minutes later. (*Id*. at 5-6.) Plaintiff's chest, lungs, eyes, and nose were burning, he had an intense headache, and he was "disoriented to the point he fell unconscious." (*Id*. at 6.) Defendant Baumgardner placed Plaintiff and his cell mate in hand restraints before removing them from the cell. (*Id*. at 7.) Both were then placed in a different cell to await medical personnel. (*Id*. at 8.) Plaintiff states that on September 18, 2015, he began to experience trouble breathing and severe chest pain and was "disoriented to the point of falling unconscious in the chow hall." (*Id*.) He was ultimately placed on medication. (*Id*. at 8-9.) As of the filing of his Amended Complaint, he claimed to continue to suffer from "extreme chest pains, uncontrollable coughing, vomiting, headaches along with dizzy spells." (*Id*. at 9.)

According to an Incident Report Summary submitted in support of Defendant Baumgardner's Motion for Summary Judgment, the lights in Plaintiff's cell "malfunctioned and caused the cell to smell as if some electrical wiring had burnt." (Doc. No. 73-1 at 1, 4.) Upon hearing "commotion" coming from the isolation cells, Defendant Baumgardner instructed Corporal Richard Cohoon to check on the inmates; Plaintiff and his cell mate told Corporal Cohoon that "their light had sparked and went out." (*Id*. at 6, 8.) Corporal Cohoon asked Defendant Baumgardner via radio to come to the cell, and he arrived "promptly." (*Id*.) Defendant Baumgardner removed Plaintiff and his cell mate from the cell, and they were afforded medical attention. (*Id*. at 8.) The nurse who evaluated Plaintiff noted no signs of distress. (*Id*. at 14.) After an inspection by maintenance, it was

determined that a transformer had blown. (*Id*. at 1, 4.)

Plaintiff alleges he was denied due process and subjected to cruel and unusual punishment as a result of Defendant Baumgardner's failure to immediately remove him from his cell during the fire. (Doc. No. 14 at 10, 14.)

### III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

IV.    **ANALYSIS**

    A.    **Official Capacity Claims**

First, Plaintiff has sued Defendant Baumgardner in both his individual and official capacities and seeks monetary damages. (Doc. No. 14 at 4, 15.) As Defendant Baumgardner correctly argues (Doc. No. 74 at 4), Plaintiff's claims against him in his official capacity are barred pursuant to the doctrine of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and, as such, is no different from a suit against the State itself, which is barred by the Eleventh Amendment unless the State has waived its immunity); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991) (the State of Arkansas has not waived its Eleventh Amendment immunity). Accordingly, I recommend Plaintiff's official capacity claims against Defendant Baumgardner be dismissed.

    B.    **Personal Capacity Claims**

Defendant Baumgardner next argues he is entitled to qualified immunity on Plaintiff's claims against him in his personal capacity. He contends Plaintiff has failed in his burden of showing an Eighth or Fourteenth Amendment violation. (Doc. No. 74 at 5-6.)

Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than

a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his Eighth or Fourteenth Amendment rights.

    1.    Eighth Amendment

A prisoner's conditions of confinement, including the safety measures taken to protect prisoners, are subject to scrutiny under the Eighth Amendment. *Davis v. Oregon Cty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010). The Eighth Amendment standard for conditions of confinement is whether the defendant acted with deliberate indifference. *Id.* A prison official is deliberately indifferent if he "knows of and disregards" a substantial risk to an inmate's safety. *Id.* (quoting *Nelson*, 583 F.3d at 528). There is both an objective component and a subjective component to a claim of deliberate indifference, which questions: (1) whether a substantial risk to the inmate's safety existed, and (2) whether the official had knowledge of the substantial risk to the inmate's safety but nevertheless

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).

disregarded it. *Id.* "The subjective component requires that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he must also draw the inference." *Id.* at 548-49 (quoting *Norman v. Schuetzle*, 585 F.3d 1097, 1104 (8th Cir. 2009). An official's negligence alone is insufficient to meet the subjective component because "the official must recklessly disregard a known, excessive risk of serious harm to the inmate." *Id.* at 549 (quoting *Norman*, 585 F.3d at 1104).

The crux of Plaintiff's Eighth Amendment claim against Defendant Baumgardner is Defendant Baumgardner acted with deliberate indifference when he did not immediately remove Plaintiff from his cell and took the time to place Plaintiff and his cell mate in hand restraints before doing so. Plaintiff alleges Defendant Baumgardner thus knew of and disregarded a substantial risk to his safety. But based on the evidence submitted in support of the Motion for Summary Judgment, which Plaintiff has not rebutted, I find there was never a substantial risk to Plaintiff's safety. The Incident Report Summary establishes there was no fire in the cell; rather, the lights had simply gone out. (Doc. No. 73-1 at 1, 4, 6, 8.) Plaintiff and his cell mate told officials who responded their light "sparked and went out." (*Id*. at 6, 8.) Moreover, photos taken as part of the investigation of the incident show intact light fixtures with no visible soot surrounding them. (*Id*. at 11-12.) While the record is generally construed in Plaintiff's favor, the Court is not required to accept his version of the facts if it is so blatantly contradicted by the record that no reasonable jury could believe it. *See Jones v. McNeese*, 675 F.3d 1158, 1162 (8th Cir. 2012).

Even assuming the cell was filling with smoke, as Plaintiff alleges, the Incident Report Summary shows the response by Defendant Baumgardner and other officials was reasonable and timely. Specifically, Defendant Baumgardner instructed Corporal Cohoon to check on the inmates in isolation after hearing commotion coming from that area. (Doc. No. 73-1 at 6, 8.) When Corporal

7

Cohoon asked Defendant Baumgardner to come to the cell, he "promptly arrived." (*Id*. at 6.) And Plaintiff and his cell mate were "immediately evacuated" from the cell and evaluated by medical staff. (*Id*. at 1.) In sum, even if the smoke posed a substantial risk to Plaintiff's safety, Defendant Baumgardner did not disregard that risk. *See Davis*, 607 F.3d at 551 (citing *Farmer v. Brennan*, 511 U.S. 825, 844 (1970)) (even if an official knows of a risk, he is not liable for a subsequent injury if he responded reasonably).

Finally, Plaintiff makes a reference to the prison's fire safety equipment, contending the fire alarm and sprinkler system were inoperable. (Doc. No. 14 at 14.) But Defendant Baumgardner has presented evidence showing both the fire alarm and sprinkler system were inspected on August 19, 2015, and no deficiencies were noted. (Doc. No. 73-2 at 1.) Additionally, sprinkler heads were checked throughout the unit on September 8, 2015, just five days prior to the incident, and no visual signs of damage were observed. (*Id*. at 7.) In any event, the Eighth Circuit Court of Appeals has held that inoperable sprinklers do not, standing alone, amount to deliberate indifference when prison officials take other precautions. *Davis*, 607 F.3d at 551. Here, Plaintiff has failed to support his allegation with sufficient probative evidence.

    2.    Fourteenth Amendment

It is well settled that in order to be entitled to due process under the Fourteenth Amendment, there must be some legal entitlement, right, or liberty interest that is protected under state or federal law. *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981). In the prison context, the liberty interests to which due process attaches are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The crux of Plaintiff's due process claim against Defendant Baumgardner is his failure to

immediately remove Plaintiff from his cell and failure to ensure the prison's fire safety equipment was operational and put Plaintiff's life at risk. (Doc. No. 14 at 14.) While Plaintiff certainly has a liberty interest in the protection and preservation of his life, for the reasons stated above, I find Defendant Baumgardner did not deprive him of that interest. In short, Defendant Baumgardner acted reasonably in removing Plaintiff from his cell, and the record shows that both the fire alarm and sprinkler system were operational at the time; accordingly, Defendant Baumgardner did not expose Plaintiff to any restraint that imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.

**IV.     SUMMARY**

Defendant Baumgardner is entitled to sovereign immunity on Plaintiff's claims against him in his official capacity. Because Plaintiff has failed to show a violation of his constitutional rights, it is unnecessary to determine whether those rights were clearly established, and Defendant Baumgardner is entitled to qualified immunity on Plaintiff's claims against him in his personal capacity. *See Nelson*, 583 F.3d at 528 (qualified immunity is appropriate if no reasonable fact finder could answer yes to both prongs of the inquiry). Accordingly, summary judgment is appropriate, and Plaintiff's claims against Defendant Baumgardner should be dismissed with prejudice.

**V.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.     Defendant Baumgardner's Motion for Summary Judgment on Liability (Doc. No. 73) be GRANTED.

2.     Plaintiff's Amended Complaint (Doc. No. 14) be DISMISSED WITH PREJUDICE.

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 17th day of February, 2017.

                                                _____
                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE